USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE EDWARD BURNS,

                         Plaintiff,

-against-

UN-NAMED EMPLOYEES OF NEW YORK CITY CORRECTIONS AND HEALTH AND HOSPITALS; JOHN DOE, EMPLOYEE OF NYCDOC; JOHN DOE, EMPLOYEE OF NYC HHC; JANE DOE, EMPLOYEE OF NYCDOC; JANE DOE, EMPLOYEE OF NYC HHC,

                         Defendants.

22-CV-2371 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

      Plaintiff, who is currently detained at the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that employees of the New York City Department of Correction and New York City Health and Hospitals (H + H) placed him in immediate danger of serious physical injury by administering to him only one dose of the COVID vaccine.[1] By order dated November 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

---

[1] Plaintiff is barred pursuant to 28 U.S.C. § 1915(g) from filing any new action *in forma pauperis* while a prisoner unless he is in imminent danger of serious physical injury. *See Burns v. Schell*, ECF 1:20-CV-5582, 7 (S.D.N.Y. Oct. 28, 2020). Plaintiff alleges in this action that there is "an immediate danger and emergency regarding [his] health." (ECF No. 2 at 5.)

      Plaintiff filed this action without a prisoner authorization, and by order dated March 24, 2022 (ECF No. 3), the Hon. Laura Taylor Swain, in her capacity as Chief Judge, directed Plaintiff to submit a completed and signed prisoner authorization. Plaintiff complied with that order on April 7, 2022 (ECF No. 4.).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.     Federal Rule of Civil Procedure 21

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York and H +H, the Court construes the complaint as asserting claims against the City of New York and H + H and directs the Clerk of Court to amend the caption of this action to add the City of New York and H + H as Defendants. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York and H + H may wish to assert.

### B.     City of New York

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

### C.     H + H

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant H + H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.      John/Jane Doe Defendants**

Because Plaintiff does not specifically allege how each John/Jane Doe Defendant was involved in the alleged deprivation of his rights, and he does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the John/Jane Doe Defendants. If Plaintiff has more specific information about these Defendants, he may move to amend his complaint to add those Defendants and detail their involvement in his claims.

## CONCLUSION

The Clerk of Court is directed to add the City of New York and H + H as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant the City of New York waive service of summons.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for H + H, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  June 7, 2022
        New York, New York

ANALISA TORRES
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

H + H
125 Worth Street
New York, New York 10013