UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
GEORGE EDWARD BURNS,

              Plaintiff,

-against-

UN-NAMED EMPLOYEES OF NEW YORK
CITY CORRECTIONS AND HEALTH AND
HOSPITALS; JOHN DOE, EMPLOYEE OF
NYCDOC; JOHN DOE, EMPLOYEE OF NYC
HHC; JANE DOE, EMPLOYEE OF NYCDOC;
JANE DOE, EMPLOYEE OF NYC HHC,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/31/2023_

22 Civ. 2371 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On March 23, 2022, Plaintiff *pro se*, George Edward Burns, commenced this action. *See* ECF No. 2. On June 7, 2022, the Court referred this case to the Honorable Valerie Figueredo for pretrial matters. ECF No. 7. On October 20, 2022, Defendant the City of New York (the "City") moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 22; *see* ECF No. 23. On November 10, 2022, the City submitted a letter requesting that Judge Figueredo adjourn the initial case management conference scheduled for November 15, 2022 *sine die* "to provide Plaintiff the opportunity to inform the Court of his current contact information." ECF No. 31. The City's letter indicated that although Plaintiff was a pretrial detainee at the time his complaint was filed, he was released from the custody of the New York City Department of Corrections on October 25, 2022. *Id.* Judge Figueredo adjourned the conference to December 21, 2022, and directed the City to inform the Court by December 14, 2022, whether it had had any further contact with Plaintiff. *See* ECF No. 32.

      On December 14, 2022, the City submitted another letter stating that Plaintiff had not communicated with the City since his release. *See* ECF No. 33. That day, Judge Figueredo entered an order directing Plaintiff to file a notice of change of address on the docket and warning Plaintiff that failure to update his contact information in a timely fashion or otherwise appear in this case could result in the case being dismissed for failure to prosecute pursuant to Rule 41(b). *See* ECF No. 34. On April 25, 2023, Judge Figueredo issued an order stating:

> Plaintiff is hereby provided one final opportunity to appear in this action by providing the Court with a letter updating his contact information. Failure to do so by Wednesday, May 24, 2022[,] will result in the Court recommending that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

ECF No. 40 (emphases omitted). Plaintiff has not appeared or participated in this case since September 2022. ECF Nos. 16, 18.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This obligation applies equally to plaintiffs proceeding on a *pro se* basis. *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2 (S.D.N.Y. Aug. 31, 2017) ("[C]ourts in this district routinely dismiss *pro se* . . . actions for failure to prosecute where, as here, [the plaintiff] fails to participate in the action or meet his obligation to provide the Court and [the defendants] with updated contact information[.]"), *report and recommendation adopted*, No. 15 Civ. 622, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiff has failed to prosecute this action, as evinced by his failure to respond to or comply with court orders. Plaintiff has further failed to communicate with the Court during the pendency of this matter. The length of this delay is significant enough to weigh in favor of dismissal. *See Peters-Turnbull v. Bd. of Educ.*, No. 96 Civ. 4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20, 1999) (noting that delay of five to ten months falls "comfortably within the time frames found sufficient" for dismissal). Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute. ECF Nos. 34, 40. Third, because Plaintiff has not communicated with the Court since September 2022 and has not provided good cause for his absence, the Court may presume prejudice to Defendants resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Wan v. U.S. Postal Serv.*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018). Fourth, as to docket management, "it is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [the plaintiff] will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (cleaned up). Finally, dismissal is appropriate where the Court "has no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo*, No. 13 Civ. 2477, 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015) (cleaned up). Here, given that Plaintiff has failed to communicate with this Court since September 2022, despite

repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiff to prosecute the case.

      Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

      The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case. The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

      SO ORDERED.

Dated: May 31, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge